## JOHN HITSON V. J. H. DILLAHUNTY.

1. In a suit by the legal owner of a promissory note for use of the administrator of an estate, the incapacity of the administrator to sue or to act in capacity of administrator cannot be pleaded in abatement.

2. Under Section 6 of act of May 23, 1871, an administrator against whom a motion has been made to compel a new bond has, notwithstanding the service of notice of such motion, the right to prosecute suit to final judgment, unless he had been finally removed from the administration.

3. Such administrator would not have authority to institute suit after such service of notice, but would have the right to prosecute suit or do any other act having for its direct object the saving the estate from loss or damage.

APPEAL from Palo Pinto. Tried below before the Hon. Charles Soward.

Appellee, for use of J. B. Henderson, administrator of W. W. Cochran, brought suit against John Hitson, the appellant, on a note executed by Hitson and assigned to appellee, and by appellee mortgaged to the said Henderson.

The defendant, on October 24, 1872, answered, a general denial.

On the twelfth of November, 1872, the defendant answered further, "That the plaintiff herein, for whose use the suit was brought, as administrator of the estate of W. W. Cochran, deceased, his action ought not to have and maintain, because he says that the said Dillahunty is only nominal plaintiff herein; that said J. B. Henderson is the real plaintiff herein as the administrator of said Cochran's estate; that on the fifteenth day of April, 1872, the defendant in this suit and A. G. Crawford, both of whom were sureties on said Henderson's bond as administrator as aforesaid, filed their petition in the District Court of Palo Pinto county to be released from their suretyship on said bond; and upon the filing of said pe-

tition citations issued thereon to said Henderson, and the same were served on him on the first day of May, 1872. * * * That no new bond has been filed by said Henderson, as required by law in such cases, and that his failure so to do suspended his powers as administrator as aforesaid, and that he can prosecute this suit no further."

To the amended answer the plaintiff excepted, because it was not filed in due order of pleading, and was not under oath.

A second amendment was then filed, in which defendant withdrew all his former pleas, and relied only upon his plea in abatement, which was in substance as above, and was supported by affidavit.

Exceptions were urged by the plaintiff to the amended plea, for want of sufficiency.

Which exceptions were sustained, and the .answer struck out. Judgment by default was rendered for the amount of the note.

A motion for new trial was overruled. Appeal by the defendant. The error assigned is the action of the court in sustaining exceptions to the amended answer.

*J. L. L. McCall;* for appellant.

No brief for appellee.

OGDEN, P. J.—On the ninth of April appellee instituted this suit for the use of J. B. Henderson, administrator, against the appellant, on a promissory note. At the time of bringing the suit appellant and one Crawford were sureties on Henderson's administrator's bond, and on the fifteenth of April, six days after the filing of this suit in the District Court, both Hitson and Crawford applied to the probate court to be relieved as securities on Henderson's bond. Notice of this application was duly served

on Henderson in May, and in November appellant came into the District Court and plead these facts in bar to Henderson's right further to prosecute this suit. This plea, and an amendment setting up substantially the same facts, were, on motion of plaintiff below, stricken out by the court, and a judgment was rendered for plaintiff, from which judgment the defendant below has appealed.

It may be proper here to state that these pleas were filed out of due order of pleading in being filed after a plea to the merits, but this objection may not apply with equal force to the last amended plea of defendant below, since his plea to the merits had then been withdrawn; and it is now conceded by counsel for both appellant and appellee that the only matter to be determined by this court is a proper construction of the 6th Section of the act of May 23, 1871, in relation to probate matters, so far as the pleadings in this case refer thereto. And here we will say, that if Henderson himself had brought this suit as administrator, and upon notice to give a new bond he had failed to do so, yet, under the last clause of the statute referred to, he would have a right to prosecute this suit to final judgment, unless he had been finally removed from the administration by an order of the court. The statute does not suspend his powers to take any steps which he may deem necessary to preserve the property committed to his charge. The note sued on, if it belonged to the estate, was as much the property committed to his charge as any other property; and perhaps the only way to preserve its value was to prosecute the suit, without delay, to judgment. This certainly is the spirit and, we think, the letter of the statute referred to. Under that section, after failure to give bond, he may not have had power to bring a new suit, or to sell any property belonging to his estate, or to collect the debts due the same, but it

is believed he would be authorized in securing a doubtful debt, or doing any other act which had for its direct object the saving the estate from loss or damage.

But this suit was not brought by the administrator, but by another person for the use of the estate, and it would make no difference to the estate whether Henderson's authority had been suspended or not. He was still administrator, and the suit might well have been prosecuted to judgment even in his name. There was no error in the order of the lower court in sustaining the exceptions to defendant's original and amended plea, and in striking out the same. The judgment of the District Court is affirmed.

Affirmed.